**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JADER JESUS DIAZ AGUIRRE,<br><br>                              Petitioner,<br><br>v.<br><br>WARDEN, et. al.,<br><br>                              Respondents. | Case No.:  26-cv-2282-BJC-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Jader Jesus Diaz Aguirre is a citizen of Columbia who entered the United States on September 21, 2023.  ECF No. 4 at 16.  Petitioner applied for asylum, was released on supervision, and received an employment authorization document ("EAD"), which allowed him to work legally in the United States.  *Id.* at 2.  On January 19, 2026, Petitioner was detained during a scheduled ICE check-in, and he remains detained at the Imperial Detention Center.  *Id.*

On April 9, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1. On April 27, 2026, Petitioner filed an Amended Petition seeking his immediate release or a bond hearing.  ECF No. 4.  On May 5, 2026, Respondents filed a return.  ECF No. 6.

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v.*

1

26-cv-2868-BJC-SBC

*Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

Petitioner contends his detention without a bond hearing violates the Administrative Procedures Act ("APA") and the Due Process Clause of the Fifth Amendment. ECF No. 4 at 17-18. Respondents do not address Petitioner's arguments. Instead, Respondents state that Petitioner was previously released on conditional parole, therefore, he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 6 at 2. However, Respondents "acknowledge[] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts" and that the facts of this case "are not materially distinguishable." *Id.* Therefore, Respondents do "not oppose the petition." *Id.* at 3.

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall hold a bond hearing **no later than June 2, 2026**, and cannot deny bond at the hearing based on § 1225. Respondents are enjoined from transferring Petitioner before a bond hearing takes place.

The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  May 21, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-2868-BJC-SBC